**VICTOR FURNITURE COMPANY, Plaintiff-Appellee, v WOOL, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1918.   Decided April 11th, 1947.

Kusworm & Kusworm, Dayton, for plaintiff-appellee.
A. W. Rothenberg, Dayton, for defendant-appellant.

**OPINION**

By THE COURT

This is an appeal on questions of law from the Court of Common Pleas of Montgomery County, Ohio. The action originated in the Municipal Court for the City of Dayton, Ohio, and was one in forcible detainer, praying for possession of the storeroom occupied by the defendant-appellant located at 25 East Fifth Street, Dayton, Ohio. The trial court found for the plaintiff for the possession of the property and upon appeal to the Common Pleas Court the judgment was affirmed.

Numerous assignments of error are set forth by the appellant but only one of which is discussed in the appellant's brief, and we shall confine our remarks to this one assignment. This alleged error was based upon the grounds that the description of the premises in the notice to vacate which was given to the defendant-appellant, and the description in the statement of claim were not correct descriptions of the premises occupied by the defendant-appellant.

Sec. 10451 GC requires that a party desiring to commence an action in forcible detainer must notify the adverse party to leave the premises, for the possession of which action is about to be brought, three or more days before beginning the action, by handing a written copy of the notice to the defendant in person or by leaving it at his usual place of abode.

Sec. 10452 GC requires that the plaintiff shall file his complaint in writing with the justice, which shall particularly describe the premises detained.

The record discloses that the defendant occupies a storeroom in a building owned by the plaintiff which is known as 23-25-27 East Fifth Street, Dayton, Ohio.

The record supports the conclusion that the particular storeroom occupied by this defendant is known as No. 23 East Fifth Street. The question as to whether or not the description in the notice and the complaint properly describes the property is a question of fact for the jury, and since no jury was demanded and the case was heard by the Court, thereby placing the Judge in the position of a jury, in such position he

must pass upon these facts. The Court did pass upon the sufficiency of the notice and the petition and held that they were sufficient. The trial court commented upon the fact that the defendant was not mislead by them, for he admitted from the witness stand that he knew the identity of the property the plaintiff was endeavoring to repossess.

The rule is well settled in Ohio that the complaint must contain a specific description of the property. **Murphy v Lucas, 2 Ohio, 255.**

In the light of the entire record and since the entire building, a part of which is occupied by the defendant, is known as 23-25-27 East Fifth Street, we cannot say that the trial court was in error in holding that the description of the property in the notice to vacate and the statement of claim was a sufficient description of the property involved herein. The judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## APPLICATION FOR REHEARING.

Decided April 30th, 1947.

## OPINION

By THE COURT

This is an application by defendant-appellant for a rehearing in which it is contended that we did not consider all of the assignments of error. In our opinion we made the following statement:

"Numerous assignments of error are set forth by the appellant but only one of which is discussed in the appellant's brief, and we shall confine our remarks to this one assignment."

We will adhere to our former ruling and all other assigned errors are overruled.

The application for a rehearing is denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.